IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| LEROY LEE, JR., | : |
| Petitioner, | : |
| | : CASE NO.   6 : 13-CV-90179 (WLS) |
| | :            28 U.S.C. § 2255 |
| | : CASE NO.   6 : 07-CR-04 (WLS) |
| VS. | : |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on September 3, 2013 (Doc. 45), is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

The Petitioner was indicted in this Court on March 15, 2007 on charges of armed bank robbery, armed automobile hi-jacking, and two counts related to the possession, use, or brandishing of a firearm.   (Doc. 14).   On April 25, 2007, the Petitioner entered into a Plea Agreement with the Government and pled guilty to armed bank robbery and its associated firearms violation.   (Docs. 25, 26, 38).   Petitioner was sentenced on July 12, 2007 to a total term of imprisonment of 184 months followed by 5 years of Supervised Release.   (Docs. 30, 32).

Petitioner filed a Notice of Appeal on July 18, 2007.   (Doc. 34).   The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence on March 19, 2008.   (Doc. 42).

Petitioner filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on September 3, 2013, asserting that intervening Supreme Court case law mandates review of his sentence. (Doc. 45).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding has a one year limitations period in which to file a § 2255 motion. Courts calculate the relevant limitations period from the latest of four benchmark dates: (1) the date on which the judgment of conviction becomes final; (2) the date a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

The Petitioner contends that the one year limitations period for bringing this § 2255 motion should be calculated under § 2255 (f)(3). Pursuant to this subsection, the one-year statute of limitations begins to run on the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

"For purposes of a newly recognized right under 28 U.S.C. § 2255[f](3) . . . the [one-year] limitations period . . . is triggered on the date the Supreme Court initially recognizes a new right." *Dodd v. U.S.,* 365 F.3d 1273, 1277 (11th Cir. 2004). Petitioner relies on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) to support his assertion that his § 2255 motion is timely filed. In *Alleyne*, decided by the Supreme Court on June 17, 2013, the Court ruled that any fact that increases the mandatory minimum sentence is an "element" that must be submitted to the jury. *Id. Alleyne* is

2

considered to be an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), wherein the Supreme Court held that any fact that increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *Sams v. United States*, 2013 WL 6731144 (S.D.Ga., Dec. 19, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi*). Moreover, case law recognizes that the Supreme Court has not declared the rule announced in *Alleyne* to be retroactive on collateral review, and has not ruled *Apprendi* retroactive, making it unlikely that *Alleyne* will be made retroactively applicable. *Id.*; *United States v. Harris*, --- F.3d ---, 2014 WL 292381 (11th Cir. Jan. 28, 2014) ("[We do not intend] to suggest that *Alleyne* applies retroactively to cases on collateral review. *Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review. And *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."), *internal citations omitted*. Petitioner did not file this § 2255 motion within one year of a Supreme Court decision initially recognizing the right he asserts, made retroactively available to cases on collateral review, and his motion is accordingly untimely under § 2255(f)(3).

Inasmuch as the Petitioner's § 2255 motion is untimely filed, it is the recommendation of the undersigned that this § 2255 motion be DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner

files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

SO RECOMMENDED, this 25th day of February, 2014.

                                                    s/ **THOMAS Q. LANGSTAFF**
                                                   UNITED STATES MAGISTRATE JUDGE

asb